IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. |
| | ) | 11-00196-CB-B |
| MICHAEL TRAVER, | ) | |
| | ) | |
| **Defendant** | ) | |

### ORDER

On January 14, 2015, Defendant Michael Traver was arrested on a warrant and charged with violation of the terms of his supervised release. The following day Defendant appeared, along with appointed counsel Sidney Harrell, Jr., before Magistrate Judge Milling for an initial appearance. At that time, counsel for the Defendant and counsel for the Government made a joint oral motion for Defendant to undergo a psychiatric evaluation at a BOP hospital, and Judge Milling instructed counsel to file a written motion. (Doc. 36.) The motion filed by Defendant's counsel, outlined Defendant's mental health history and requested "the issuance of an Order requiring that Mr. Traver be transferred to a medical facility for treatment by a qualified mental health professional." (Doc. 37.) That motion was referred to the undersigned and was granted by a brief written order. (Doc. 38.) However, no action was taken by the United States Marshal's Service to effectuate transfer of the Defendant. On July 1, 2015, Defendant's counsel notified the Court by motion (Doc. 41) that the Defendant remained in the Mobile County Metro Jail.[1]

---

[1] The Court has investigated this situation and concluded that a number of factors contributed to the failure to transfer the Defendant: (1) Defendant's counsel did not file a motion for psychiatric evaluation as instructed but instead filed a

It is the intent of this Court that the Defendant be committed to the custody of the Bureau of Prisons for a psychological or psychiatric evaluation to determine: (1) whether or not Defendant is suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and (2) whether or not Defendant was insane and the time of the offense. Accordingly, it is **ORDERED** that the Defendant, Michael Traver, be transferred to a facility designated by the Bureau of Prisons for an examination as promptly as possible, but not to exceed forty-five (45) days, for a determination as to the matters set forth above and that such examination be made by at least one qualified psychiatrist or psychologist under the provisions of 18 U.S.S. §§ 4241 and 4247 for such determination.  The examination period shall commence once the defendant has reached the designated facility.

The Defendant's attorney shall forward to the designated facility a summary letter setting forth a full exposition concerning the alleged violation along with all background information on the Defendant, including history of any criminal convictions and any prior history of mental illness.

Within fifteen days of the last date of examination, the examining psychiatrist or psychologist shall submit a written report to this Court containing the findings as

---

motion for medical treatment; (2) The Court had no authority to order transfer to BOP for mental health treatment prior to revocation and should have ordered a psychiatric evaluation; and (3) The United States Marshal's Service (USMS) took no action whatsoever on the Court's transfer order.  When USMS did attempt transfer in July 2015, it learned that the order was insufficient.

3

to Defendant's mental competency to stand trial and as to Defendant's sanity at the time of the offense.

**DONE and ORDERED** this the 13th day of July, 2015.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**